FILED
AT LAS CRUCES

MAY 2 3 2014

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) CRIMINAL NO. 14-1662 KG |
| vs. | ) |
| **ADRIAN LOPEZ,** | ) |
| Defendant. | ) |

## PLEA AGREEMENT

Pursuant to Federal Rule of Criminal Procedure 11, the parties hereby notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the defendant, **ADRIAN LOPEZ**, and the defendant's counsel, ARIC G. ELSENHEIMER:

### REPRESENTATION BY COUNSEL

1. The defendant understands the defendant's right to be represented by an attorney and is so represented. The defendant has thoroughly reviewed all aspects of this case with the defendant's attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2. The defendant further understands the following rights:

   a. to plead not guilty;

   b. to have a trial by jury;

   c. to confront and cross-examine witnesses and to call witnesses to testify for the defense; and

   d. against compelled self-incrimination.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3. The defendant hereby agrees to waive these rights and to plead guilty to the Information charging a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D): Possession with Intent to Distribute Marijuana, and 18 U.S.C. § 2, Aiding and Abetting.

## SENTENCING

4. The defendant understands that the minimum and maximum penalty the Court can impose is:

   a. imprisonment for a period of not more than five (5) years;

   b. a fine not to exceed $250,000.00;

   c. a mandatory term of supervised release of not less than two (2) years that must follow any term of imprisonment. (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked--even on the last day of the term--and the defendant could then be returned to another period of incarceration and a new term of supervised release); and

   d. a mandatory special penalty assessment of $100.00.

5. The defendant may be eligible for the "safety valve" provisions set forth at 18 U.S.C. § 3553(f)(1)-(5) and USSG § 5C1.2. If the defendant establishes eligibility for each of the elements in 18 U.S.C. § 3553(f)(1)-(5) and USSG § 5C1.2, the defendant would be entitled to a reduction of two levels from the base offense level as calculated under the sentencing guidelines, and the sentence imposed could be less than the statutory minimum sentence described above. This reduction depends on, among other requirements of 18 U.S.C. § 3553(f), the defendant truthfully providing to the Government, before sentencing, all information and evidence concerning the offenses that were part of the same course of conduct underlying this

agreement. Additionally, this reduction depends on the defendant having not more than one criminal history point as determined under the sentencing guidelines.

6. The parties recognize that the Sentencing Guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

7. It is expressly understood and agreed by and between the defendant and the United States that:

   a. The United States has made, and will make, NO AGREEMENT pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that a specific sentence is the appropriate disposition of this case.

   b. The United States has made, and will make, NO AGREEMENT to approve, to oppose, or not to oppose pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), any request made by the defendant or on behalf of the defendant for a particular sentence in this case, other than the stipulations agreed to below.

   c. The United States hereby expressly reserves the right to make known to the United States Probation Office and to the Court, for inclusion in the presentence report prepared pursuant to Federal Rule of Criminal Procedure 32, any information that the United States believes may be helpful to the Court, including but not limited to information about any relevant conduct under USSG § 1B1.3.

   d. Except under circumstances where the Court, acting on its own, fails to accept this plea agreement, the defendant agrees that, upon the defendant's signing of this plea agreement, the facts that the defendant has admitted under this plea agreement as set forth below, as well as any facts to which the defendant admits in open court at the defendant's plea hearing, shall be admissible against the defendant under Federal Rule of Evidence 801(d)(2)(A) in any

3

subsequent proceeding, including a criminal trial, and the defendant expressly waives the defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the defendant admits in conjunction with this plea agreement.

## DEFENDANT'S ADMISSION OF FACTS

8. By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the Information that increase the statutory minimum or maximum penalties. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

> **On February 27, 2014, I applied for admission to the United States at the Columbus, New Mexico port of entry driving a Chevrolet Silverado pickup truck. At the time, I knew there was drugs in the pickup truck. I had previously agreed to transport the drugs into the United States ~~for money~~. I now know that there was approximately 36 kilograms of marijuana in a propane tank in the pickup.**

9. By signing this agreement, the defendant admits that there is a factual basis for each element of the crime(s) to which the defendant will plead guilty. The defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the defendant's sentence, including, but not limited to, the advisory guideline offense level.

## STIPULATIONS

10. The United States and the defendant stipulate as follows:

    a. Pursuant to USSG § 2D1.1(c), the parties stipulate that the defendant is responsible for approximately 36.4 kilograms of marijuana.

b.  Pursuant to USSG § 3E1.1(a), the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. Consequently, so long as the defendant continues to accept responsibility for the defendant's criminal conduct, the defendant is entitled to a reduction of two (2) levels from the base offense level as calculated under the sentencing guidelines. This reduction is contingent upon the defendant providing an appropriate oral or written statement to the United States probation officer who prepares the presentence report in this case in which the defendant clearly establishes the defendant's entitlement to this reduction.

c.  The Defendant may be entitled to a mitigating role adjustment pursuant to U.S.S.G. § 3B1.2. The Defendant agrees to provide to the Assistant United States Attorney handling this case and the United States Probation Officer who prepares the presentence report in this case information that clearly establishes the Defendant's entitlement to a role adjustment. If both determine that this information qualifies the Defendant for a role adjustment, then Defendant should receive the adjustment.

d.  The United States agrees not to object to a two-level downward variance from the applicable guideline range based on the proposed amendment to USSG § 2D1.1, which reduces the base offense levels in § 2D1.1 by two levels. In exchange, the Defendant agrees not to seek a further reduction pursuant to 18 U.S.C. 3582(c)(2) if the proposed two-level reduction to the base offense levels in USSG 2D1.1 is adopted and made retroactive by the Sentencing Commission.

e.  If the defendant meets all of the criteria set forth at 18 U.S.C. § 3553(f) and USSG § 5C1.2, including providing a complete and truthful statement to the Government concerning all information and evidence the defendant has about the offense or offenses that

were part of the same course of conduct underlying this agreement, the defendant is entitled to a reduction of two (2) levels, pursuant to USSG § 2D1.1(b)(16).

11. The defendant understands that the above stipulations are not binding on the Court and that whether the Court accepts these stipulations is a matter solely within the discretion of the Court after it has reviewed the presentence report. Further, the defendant understands that the Court may choose to vary from the advisory guideline sentence. The defendant understands that if the Court does not accept any one or more of the above stipulations and reaches an advisory guideline sentence different than expected by the defendant, or if the Court varies from the advisory guideline range, the defendant will not seek to withdraw the defendant's plea of guilty. In other words, regardless of any stipulations the parties may enter into, the defendant's final sentence is solely within the discretion of the Court.

## DEFENDANT'S OBLIGATIONS

12. The defendant understands the defendant's obligation to provide the United States Probation Office with truthful, accurate, and complete information, including, but not limited to defendant's true identity, citizenship status, and any prior criminal convictions. The defendant hereby represents that the defendant has complied with and will continue to comply with this obligation. The defendant understands that any misrepresentation with respect to the above obligations may be considered a breach of this plea agreement.

## IMMIGRATION REMOVAL AND OTHER IMMIGRATION CONSEQUENCES

13. Defendant recognizes that pleading guilty may have consequences with respect to defendant's immigration status if defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Indeed, because defendant is pleading guilty to a controlled substance

offense, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including defendant's attorney or the district court, can predict to a certainty the effect of defendant's conviction on defendant's immigration consequences that defendant's plea may entail, even if the consequences include defendant's automatic removal from the United States.

## WAIVER OF APPEAL RIGHTS

14. The defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the defendant knowingly waives the right to appeal this conviction and any sentence, including any fine, at or under the maximum statutory penalty authorized by law. In addition, the defendant agrees to waive any collateral attack to this conviction and the sentence imposed, including any fine, pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of counsel's ineffective assistance in negotiating or entering this plea or this waiver.

## GOVERNMENT'S AGREEMENT

15. Provided that the defendant fulfills the defendant's obligations as set out above, the United States agrees not to bring additional criminal charges against the defendant arising out of the facts forming the basis of the present Information.

16. The United States will move at the time of sentencing to dismiss the Indictment as to defendant ADRIAN LOPEZ.

17. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

18. The defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats or promises (other than the promises set forth in this plea agreement and any addenda). There have been no representations or promises from anyone as to what sentence the Court will impose.

## VIOLATION OF PLEA AGREEMENT

19. The defendant understands and agrees that if the defendant or the defendant's attorney violates any provision of this plea agreement, the United States may declare this plea agreement null and void, and the defendant will thereafter be subject to prosecution for any criminal violation including, but not limited to, any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, and obstruction of justice, and any other crime committed by the defendant during prosecution of this case.

## SPECIAL ASSESSMENT

20. At the time of sentencing, the defendant will tender a money order or certified check payable to the order of the United States District Court, District of New Mexico, 333 Lomas Boulevard, NW, Albuquerque, New Mexico 87102, in the amount of $100.00 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

21. This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties. The parties agree and stipulate that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding. This

agreement is effective upon signature by the defendant and an Assistant United States Attorney, and upon entry of a guilty plea by the defendant pursuant to this agreement.

AGREED TO AND SIGNED this 23rd day of May, 2014.

DAMON P. MARTINEZ
Acting United States Attorney

MARK A. SALTMAN
Assistant U.S. Attorney
555 S. Telshor Blvd., Suite 300
Las Cruces, NM 88011
(575) 522-2304 – Tel.
(575) 522-2391 – Fax

This agreement has been read to me in the language I understand best, and I have carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement. No promises or inducements have been given to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____
ADRIAN LOPEZ
Defendant

I am the attorney for ADRIAN LOPEZ. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____
ARIC G. ELSENHEIMER
Attorney for Defendant